# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIRAMBEK SEIDULLA,<br><br>                           Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al,<br><br>                           Respondents. | Case No.:  26-cv-1555-BJC-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On March 12, 2026, Petitioner Meirambek Seidulla filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241. ECF No. 1. Petitioner is 25-year-old native and citizen of Kazakhstan. *Id.* ¶ 8. Petitioner first entered the United States on or about September 15, 2024 without inspection near Tecate, California. He entered the United States to seek protection from the Kazakh government, which persecuted him for participating in anti-government demonstrations. Petitioner has filed a Form I-589 Application for Asylum and for Withholding of Removal. On November 14, 2024, ICE released Petitioner on an Order of Release on Recognizance. Petitioner has attended all scheduled appointments with ICE and has no criminal history.

ICE summarily revoked Petitioner's release and re-detained him without advance notice or any opportunity to contest the revocation before re-detention. Petitioner has been

26-cv-1555-BJC-MSB

detained at the Otay Mesa Detention Center since his arrest.

Petitioner requests that the Court grant the petition and order his immediate release from ICE custody on his own recognizance under the previously imposed conditions. In the alternative, Petitioner requests an individualized bond hearing within 5 days in which the government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.

The Court set a briefing schedule on March 12, 2026.  ECF No. 3.   Respondents filed a response on March 19, 2026.  ECF No. 5.

## I.   LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II.   DISCUSSION

Petitioner contends his detention violates the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment.  ECF Nos. 1 at 10-11 Respondents do not address Petitioner's due process arguments.  Instead, Respondents state that Petitioner is subject to mandatory detention under § 1225(b)(2) but acknowledge that this Court has repeatedly reached the opposite conclusion under the same or similar facts. ECF No. 5 at 1.

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he

26-cv-1555-BJC-MSB

was detained.  The Court finds Petitioner's revocation of his release and detention violates his due process rights.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner on his own recognizance under the previously imposed conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  March 25, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

3

26-cv-1555-BJC-MSB